SHARP, Chief Judge.
Bernadini appeals his sentence which was imposed after he was convicted of trafficking in cocaine in an amount exceeding twenty-eight grams in violation of section 893.135(1)(b)1, Florida Statutes, (1987). He was sentenced within the guidelines range to four years incarceration. However, the trial court imposed a three year minimum mandatory sentence within the four-year term, pursuant to section 893.-135(1)(b)1, Florida Statutes (1987).
The question in this case is whether Florida Rule of Criminal Procedure 3.701.d.9., which provides that the guidelines sentence takes precedence if it exceeds the mandatory penalty, eliminates the necessity to impose a statutory mandatory minimum sentence. For the reasons stated in State v. Hall & Peterson, 538 So.2d 468 (Fla. 5th DCA 1989), we do not think the reference to a three year minimum mandatory sentence in this case is meaningful or substantive. By sentencing Bernadini to four years, the trial judge more than complied with section 893.135(1)(b)1. That statute is also binding on the Parole and Probation Commission as to parole (see § 947.16(2)(g)) and administrative gain time (§ 944.-276(l)(a)).[1]
Because we regard the three year minimum mandatory sentence as surplusage, we affirm.
AFFIRM.
COWART and DANIEL, JJ., concur.

. Incentive gain time provided for by § 944.275 does not exclude trafficking offenses under § 893.135(1)(b)1., so it may be earned without regard to any minimum mandatory sentence language.