540 So.2d 896 (1989)
Edward L. McNair, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1245.
District Court of Appeal of Florida, First District.
March 28, 1989.
Daniel A. McKeever, Jr., Live Oak, for appellant.
Robert A. Butterworth, Atty. Gen., Bradford L. Thomas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of sentences for the offenses of kidnapping, robbery with a firearm, and aggravated assault with a deadly weapon. Three concurrent twelve *897 year sentences were imposed pursuant to the Fla.R.Crim.P. 3.701 sentencing guidelines. Each offense involved a firearm, and each sentence included a three year mandatory minimum term of imprisonment. We find that it was proper to impose the mandatory minimum terms in conjunction with the guidelines sentences, and we therefore affirm the orders appealed.
Section 775.087(2)(a), Florida Statutes, mandates a three year minimum term of imprisonment, without eligibility for parole or statutory gain time, for the offenses for which appellant was convicted. Appellant argues that this minimum term should not have been imposed in conjunction with his guidelines sentence. Fla.R.Crim.P. 3.701(d)(9) provides that:
For those offenses having a mandatory penalty, a scoresheet should be completed and the guidelines sentence calculated. If the recommended sentence is less than the mandatory penalty, the mandatory sentence takes precedence. If the guidelines sentence exceeds the mandatory sentence, the guidelines sentence should be imposed.
The sentencing guidelines rules and specific statutory penalty provisions should, to the greatest extent possible, be construed as having mutually consistent fields of operation. See e.g., State v. Brown, 530 So.2d 51 (Fla. 1988); Winters v. State, 522 So.2d 816 (Fla. 1988). Rule 3.701(d)(9) precludes the imposition of a guidelines sentence which is less than the mandatory penalty for an offense. In authorizing the imposition of a guidelines sentence which exceeds the mandatory penalty, the rule does not expressly preclude the imposition of the mandatory penalty as part of the guidelines sentence. Construing Rule 3.701(d)(9) to permit such sentencing reconciles the rule with section 775.087(2)(a), with both enactments having mutually consistent fields of operation.
Unlike State v. Hall, 538 So.2d 468 (Fla. 5th DCA 1989), the present case involves a mandatory minimum term which affects entitlement to gain time. This penalty thus was not otherwise encompassed within the general guidelines sentence in the present case, as was the minimum penalty involved in Hall. Here the court properly effectuated both Rule 3.701(d)(9) and section 775.087(2)(a) by imposing guidelines sentences with three year mandatory minimum terms of imprisonment.
The orders appealed are affirmed.
THOMPSON and WIGGINTON, JJ., concur.