545 So.2d 521 (1989)
William Morton DOWLING, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2374.
District Court of Appeal of Florida, Fifth District.
July 6, 1989.
*522 William Morton Dowling, Cross City, pro se.
No Appearance for appellee.

ON ORDER TO SHOW CAUSE
COBB, Judge.
This court issued an order in this case directing appellant to show cause why the appeal of the summary denial of his Rule 3.800(a) motion should not be dismissed for failure to file a record on appeal. In his response, appellant pointed out that the circuit court clerk had previously transmitted to this court conformed copies of his motion and the order appealed, along with a certified copy of the notice of appeal.
Obviously, the circuit court clerk was following the procedure set forth in Rule 9.140(g), Florida Rules of Appellate Procedure, for summary disposition of appeals from orders denying relief under Rule 3.850, Florida Rules of Criminal Procedure. However, Rule 9.140(g) does not apply to appeals of Rule 3.800(a) motions. Those appeals are processed in the same manner as any appeal of a final order; a record on appeal must be submitted in accordance with Rule 9.200, Florida Rules of Appellate Procedure, and briefs must be filed by the parties in conformity with Rule 9.210, Florida Rules of Appellate Procedure. Furthermore, unlike appeals of orders on Rule 3.850 motions, which are filed, like habeas corpus petitions, without cost, Rule 3.800(a) appeals require a filing fee or an order of insolvency.
Rules 3.800(a) and 3.850 may both be used to seek review of an illegal sentence at any time.[1] However, unlike Rule 3.800(a), Rule 3.850 has extensive safeguards to prevent abuse of post-conviction remedies,[2] and also includes procedural precautions to protect the movant.[3] The most significant distinction between the two rules, however, is that relief under Rule 3.800(a) is discretionary, while under Rule 3.850 a trial court must vacate a sentence which is not authorized by law. Accordingly, the standard of review in an appeal of an order denying a Rule 3.800(a) motion is whether the trial court abused its discretion in denying the relief requested. Since an alternative remedy to correct an illegal sentence is available under Rule 3.850, the denial of a Rule 3.800(a) motion will rarely be overturned. In addition, trial judges may be justifiably reluctant to grant relief pursuant to Rule 3.800(a) when the same relief could have been sought in previous proceedings, as in this case, where appellant had filed two prior Rule 3.850 motions which were denied.[4] The appellant has also had a direct appeal in this court, Dowling v. State, 478 So.2d 66 (Fla. 5th DCA 1985). When a reviewing court has affirmed *523 an appellant's sentence on direct appeal, the appellant should not be able to collaterally attack the sentence later under the premise of Rule 3.800, when the grounds for the claim of an illegal sentence existed at the time of the direct appeal and could have been raised. See generally, Moses v. State, 538 So.2d 473 (Fla. 5th DCA 1989). Furthermore, the possibility that Rule 3.800(a) will be misused by defendants seeking to circumvent the procedural safeguards of Rule 3.850 would be, in and of itself, a sufficient ground to deny relief in all but a few cases where the movant is not in custody and therefore has no alternative relief.
In summary, the procedure established in Rule 9.140(g) cannot be utilized in an appeal of an order denying a Rule 3.800(a) motion, and appellant must comply with the procedural requirements applicable to all plenary appeals, including providing directions to the clerk and filing briefs. Because in this case the appellant did supply directions to the clerk, the appeal will not be dismissed. However, the clerk of the circuit court is hereby directed to prepare and transmit the record in this case pursuant to Rule 9.200, Florida Rules of Appellate Procedure, and the parties shall file briefs as provided in Rule 9.210, Florida Rules of Appellate Procedure. In deciding the merits of the appeal, the court will determine whether the denial of the Rule 3.800(a) motion was an abuse of discretion, in light of appellant's prior direct appeal and collateral proceedings.
COWART, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent. I disagree with the ruling of the majority that Rule 3.800(a) is discretionary while Rule 3.850 is mandatory. Actually, it is almost the opposite. Under Rule 3.850 there are certain procedural bars, such as late or successive filings, which would allow the judge to deny relief from an illegal sentence. As I read Rule 3.800(a) it says a court "may at any time correct an illegal sentence." I read the words "may at any time" to mean that there are no time or other limitations upon the court's duty to correct an illegal sentence. Any court rule or ruling which purports to permit a person to be or remain in jail under an illegal sentence is violative of due process rights guaranteed by the United States and Florida Constitutions.
As to the record on appeal I am of the opinion that the clerk should provide any prisoner with a record on appeal, at no cost to the prisoner, sufficient to support his allegation of illegal confinement. Any allegation of illegal sentence of an incarcerated person that alleges an entitlement to immediate release is to me in the nature of habeas corpus and the Florida Constitution requires that no fee be charged for habeas corpus. Article I, Section 13, Florida Constitution.
Finally, I am of the opinion that we should order a response from the state before we issue a ruling in this significant criminal case.
NOTES
[1] Rule 3.850 is available only to a prisoner in custody, which includes probation. See State v. Bolyea, 520 So.2d 562 (Fla. 1988).
[2] A Rule 3.850 motion must be made under oath and must include a statement revealing any appeals or prior motions for post-conviction relief and why the grounds raised presently were not raised in prior proceedings. See Rule 3.987, Florida Rules of Criminal Procedure (model form).
[3] An evidentiary hearing is provided for in Rule 3.850, along with the requirement that the court attach portions of the record supporting summary denial of a motion. In addition, any order denying a Rule 3.850 motion must advise the movant of his right to appeal within 30 days of rendition.
[4] The denials of both prior Rule 3.850 motions by appellant were per curiam affirmed by this court. See Dowling v. State, 515 So.2d 235 (Fla. 5th DCA 1986). Dowling v. State, 491 So.2d 282 (Fla. 5th DCA 1986). A petition for writ of habeas corpus filed by the appellant was also denied by order. Case No. 88-1447 (Fla. 5th DCA 8-23-88).