PER CURIAM.
Appellant Terrie Ent was sentenced to four years in prison for trafficking in cocaine in an amount over 28 but less than 400 grams.[1] Section 893.135(l)(b)(l), Florida Statutes (1987), requires a minimum mandatory sentence of three years for this offense, and the judgment and sentence so reflect. On appeal Ent contends that Florida Rule of Criminal Procedure 3.701(d)(9) precludes the imposition of the minimum mandatory provision. We disagree. Although there is some suggestion in Bernadini v. State, 540 So.2d 132 (Fla. 5th DCA 1989), that this is surplusage when imposed in conjunction with a guideline sentence of greater duration, we do not construe that decision as entitling Ent or anyone similarly situated to any substantive relief.[2]
Affirmed.
SCHEB, A.C.J., and LEHAN and HALL, JJ., concur.

. Appellant’s numerous other convictions and sentences are not contested on appeal and are affirmed.

. Unlike Bernadini, where the provision was deemed neither "meaningful” nor "substantive," 540 So.2d at 133, the minimum mandatory imposed in McNair v. State, 540 So.2d 896 (Fla. 1st DCA 1989) affected the defendant’s entitlement to gain time. § 775.087(2), Fla.Stat. (1987). In McNair the court affirmed in order to reconcile the "mutually consistent fields of operation" of the two statutes. 540 So.2d at 897.