567 So.2d 988 (1990)
Daniel McMAHON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1295.
District Court of Appeal of Florida, First District.
October 4, 1990.
Daniel McMahon, pro se.
No appearance for appellee.

ON MOTION FOR CLARIFICATION
PER CURIAM.
The appellant, proceeding pro se, seeks clarification of this court's sua sponte order which determined that this case is inappropriate for review pursuant to Florida Rule of Appellate Procedure 9.140(g)[1] and which *989 ordered appellant to file a brief. We grant the request for clarification.
Appellant filed a motion for post-conviction relief in the circuit court seeking to correct an alleged illegal sentence. The motion stated that it was filed pursuant to Florida Rule of Criminal Procedure 3.800(a).[2] Appellant alleged that his sentence was somehow illegal because the sentence he received was longer than various sentences which had been offered to him during plea negotiations with the State. Appellant's motion did not state what sentence he actually received nor whether the sentence was the result of a plea agreement or imposed by the court after a trial.[3] The motion also failed to disclose when the sentence was imposed. The motion did not state whether appellant had filed a direct appeal or had previously sought any other post-conviction relief. The motion was not under oath. The circuit court denied appellant's motion. This appeal ensued.
The clerk of the lower tribunal inexplicably treated appellant's motion as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850[4] and prepared an abbreviated record in accordance with Rule 9.140(g). However, the record was not indexed nor were the pages numbered. This record was incorrectly prepared. See Summers v. State, 15 FLW 2083 (Fla. 1st DCA August 13, 1990). In accordance with internal operating procedures we recently implemented, the abbreviated record was screened immediately upon receipt to determine if review was appropriate pursuant to Florida Rule of Appellate Procedure 9.140(g). As noted, we determined the case was inappropriate for review pursuant to Rule 9.140(g) and ordered appellant to file a brief. Appellant responded with a letter to the clerk of this court[5] asking the court to clarify its determination that this case is "inappropriate for review" and to "verify" if the motion was pursuant to Rule 3.800 or Rule 3.850.
Appellant is mistaken if he believes this Court has determined the case is "inappropriate for review." What we have determined is that the case is inappropriate for review pursuant to Florida Rule of Appellate Procedure 9.140(g). That rule provides for review upon a limited record and appellant is not required to file a brief. But, as *990 we have noted before, the availability of review pursuant to Rule 9.140(g) is very limited. Ketion v. State, 548 So.2d 778, 779 (Fla. 1st DCA 1989). The rule, by its express terms, limits review to orders which have denied, without an evidentiary hearing, a motion for post-conviction relief filed pursuant to Rule 3.850. While under some circumstances it is possible for a prisoner to seek post-conviction relief under either Rule 3.800 or Rule 3.850, see Dowling v. State, 545 So.2d 521, 522 (Fla. 5th DCA 1989), there are substantial substantive and procedural differences in the two rules. Id. at 522. Thus, in our opinion, appellant can only avail himself of Rule 9.140(g) if he is substantively entitled to seek post-conviction relief pursuant to Rule 3.850 and he has procedurally complied with that rule. Here, even if appellant had been substantively entitled to seek relief pursuant to Rule 3.850, which cannot be determined from this record, he did not avail himself of that remedy. Having failed to do so, he is not entitled to appeal pursuant to Rule 9.140(g). Consequently, a record on appeal which complies with Rule 9.200 is required and appellant is required to file a brief which complies with Rule 9.210. Accordingly, the clerk of the circuit court shall within 30 days from the date of this order prepare and transmit to this court a record on appeal which complies with Rule 9.200. Appellant shall within 20 days after service of the index of the record on appeal by the clerk file an initial brief with this court which complies with Rule 9.210.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.
NOTES
[1] Rule 9.140(g) provides in pertinent part:

An appeal from an order denying relief under Fla.R.Crim.P. 3.850 without a hearing shall be commenced as prescribed by Rule 9.110. The clerk of the lower tribunal shall forthwith transmit to the court as the record conformed copies of the motion, order, motion for rehearing and order thereon, with a certified copy of the notice. No briefs or oral argument shall be required.
(Emphasis added.)
[2] Rule 3.800(a) provides in pertinent part that "A court may at any time correct an illegal sentence imposed by it... ."
[3] It could be inferred from the motion that appellant received a 25-year sentence as a result of a plea bargain.
[4] Rule 3.850 provides in pertinent part:

A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released upon the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, or the judgment or sentence is otherwise subject to collateral attack, may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence.
.....
The motion shall be under oath and include the following information:
(a) The judgment or sentence under attack and the court which rendered same;
(b) Whether there was an appeal from the judgment or sentence and the disposition thereof;
(c) Whether a previous post-conviction motion has been filed, and if so, how many;
(d) If a previous motion or motions have been filed the reason or reasons why the claim or claims in the present motion were not raised in the former motion or motions;
(e) The nature of the relief sought;
(f) A brief statement of the facts (and other conditions) relied upon in support of the motion....
[5] We have treated appellant's letter to the Clerk as a motion for clarification. We do not mean to encourage letters to the Clerk. A party seeking clarification of one of this court's orders should file a motion.