585 So.2d 424 (1991)
John Thomas JANES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-986.
District Court of Appeal of Florida, First District.
August 30, 1991.
*425 John Thomas Janes, pro se.
No appearance for appellee.

ON MOTION FOR REHEARING
JOANOS, Chief Judge.
The opinion of this court in the above styled case, dated July 11, 1991, is hereby withdrawn, and the following opinion substituted therefor.
John Thomas Janes has appealed an order of the trial court denying his motion to correct illegal sentence, filed pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure.[1] We affirm, albeit on a different ground than cited by the trial court. However, we remand for correction of the judgment and sentence to indicate, as to Count II of the information, a conviction under section 893.135(1)(b), Florida Statutes.
In 1987, Janes was convicted and sentenced within the guidelines for trafficking in cocaine, and conspiracy to traffic. His conviction was affirmed on appeal, in which no sentencing errors were raised. The instant motion was filed in February 1990, alleging that: 1) the conspiracy charge was incorrectly scored as a first-degree felony, resulting in a higher sentencing range, and 2) the trial court improperly imposed a mandatory minimum term, in that the recommended guidelines sentence exceeded the mandatory sentence. The trial court denied the motion, finding that this court had already addressed the issues on direct appeal.
Contrary to the trial court's order, Janes did not raise any sentencing errors on direct appeal. We nevertheless affirm, in that denial was appropriate on the merits of the issues raised. See § 893.135(5), Fla. Stat. (1987) (any person who conspires with another person to commit trafficking in cocaine is guilty of a felony of the first degree), and McNair v. State, 540 So.2d 896, 897 (Fla. 1st DCA 1989) (the rules do not preclude imposition of a mandatory penalty as part of a guidelines sentence).
As to the allegation regarding the charge of conspiracy to traffic, we note appellant's argument that Count II of the information cites section 893.13 as authority therefor, rather than section 893.135(1)(b). However, given the description of the charge, this was clearly a scrivener's error. Therefore, we affirm, but remand for correction of the judgment and sentence to indicate conviction, as to Count II, under section 893.135(1)(b).
Affirmed.
WIGGINTON, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] In its motion for rehearing, the state alleges that this court erred in disposing of this appeal without first requesting briefing from the state, citing Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). However, Toler is applicable only in appeals from summary denials of motions for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P. See also Rule 9.140(g), Fla. R.App.P. (no briefing shall be required in appeals from such orders). In appeals from orders denying a Rule 3.800(a) motion, the parties must comply with the procedural requirements applicable to all plenary appeals, including the filing of briefs. Dowling v. State, 545 So.2d 521, 523 (Fla. 5th DCA 1989). See also Ketion v. State, 548 So.2d 778, 779 n. 4 (Fla. 1st DCA 1989); McMahon v. State, 567 So.2d 988 (Fla. 1st DCA 1990). Therefore, the state should not anticipate that this court will delay the disposition of appeals under Rule 3.800(a) in which reversal appears appropriate in order to give the state an opportunity to file an answer brief out of time. The procedure for filing answer briefs already set forth in Rule 9.210, Fla.R.App.P., should be followed in such cases.