596 So.2d 682 (1992)
Charles HAMPTON, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1994.
District Court of Appeal of Florida, Fourth District.
January 3, 1992.
Rehearing Denied January 27, 1992.
*683 Charles Hampton, pro se.
No appearance for appellee.
FARMER, Judge.
Appellant, a prisoner serving a 15 year sentence with the Department of Corrections to be followed by a period of 15 years probation, filed a pleading in the circuit court styled "Motion For Declaratory Judgement". In it he attacked his split sentence as being a violation of the Double Jeopardy Clause of the Fifth Amendment. The trial judge has apparently denied his application, and appellant has filed a notice of appeal from that denial.
When the clerk of the lower tribunal sent us the notice of appeal, he also included a certified copy of the motion for declaratory relief and Judge Lindsey's order denying it. Although the motion is not labeled as such, it has all the earmarks of a rule 3.800(a) application. We so treat it. No record has been sent; no briefs have been filed.
What prompts our attention to this case now, however, is our concern for uniformity in the handling of appeals from orders on rule 3.800(a) motions, for the number of such filings seems to be growing. We are also concerned about the precise kind of review to which an applicant for rule 3.800(a) relief is entitled.
At first glance rule 9.140 does not appear to have an express provision for review of orders denying rule 3.800(a) relief, as it does for orders entered on rule 3.850 motions. See Florida Rule of Appellate Procedure 9.140(g). Although rule 9.140(b)(1)(D) allows a defendant to appeal an illegal sentence, that is not the same thing as appealing an order on a rule 3.800(a) motion for relief from an illegal sentence. The former is from the final judgment of conviction and sentence, while the latter is from a post-final judgment proceeding to correct something in the final judgment.
The language of rule 9.140(b)(1)(C), however, is broad enough to cover even a rule 3.800(a) order. It says that a defendant may appeal "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation." An order denying a rule 3.800(a) motion is an order entered after final judgment. Consequently, such an appeal comes within rule 9.140(b)(1)(C) and the general provisions of rule 9.140 relating to briefing and the record on appeal.
We thus agree with the courts in McMahon v. State, 567 So.2d 988 (Fla. 1st DCA 1990), and Dowling v. State, 545 So.2d 521 (Fla.5th DCA 1989), that there is nothing in rule 9.140 allowing the same kind of summary treatment for rule 3.800(a) orders that we give to rule 3.850 orders. Rule 9.140 plainly does not authorize us, for example, to dispense with briefing and oral argument and decide the case on a truncated record sent us with the notice of appeal.
At the same time, we have some misgivings about according rule 3.800(a) appeals the same full-dress treatment we give to ordinary final appeals from a conviction and sentence. Our experience teaches us that rule 3.800(a) motions are increasingly used like rule 3.850 motions. And we can think of a number of reasons why they *684 might be treated in the same way as rule 3.850 appeals.
The cost of preparing complete records on appeal has grown over the years, and an individual record may cost hundreds of dollars. The sheer number of such motions thus creates a financial burden on the state  for many of these appeals are brought by indigent prisoners  to prepare a complete record in every rule 3.800(a) appeal filed. At the same time, an entire record in each case may be unnecessary for meaningful review because the allowable issues properly raised by a rule 3.800(a) motion are quite discrete.
To be sure, no one incarcerated under an illegal sentence should be forced to serve a single day beyond a legal sentence. Rule 3.800 thus serves an important purpose of authorizing trial courts to correct an illegal sentence "at any time." The fact that it serves an important role, however, does not necessarily yield the conclusion that full-dress final review is required to consider appeals from orders on such motions.
Usually the illegality, if any, will arise from a single document or circumstance, or become obvious from the text of a statute or guideline. In few cases will the applicant need the entire record of the conviction to show the illegality of the sentence. As in any appeal, the parties should direct the clerk of the trial court to send us only those parts of the record necessary to review the issue raised, here the claimed illegality of the sentence.
Obviously, the text of rule 9.140 in its present form does not allow us to use these considerations to accord rule 3.800(a) appeals anything less than we give plenary appeals from criminal convictions. It quite specifically does not allow the summary treatment we are able to give appeals from rule 3.850 applications. We are required by the present language of rule 9.140 to review 3.800(a) appeals on whatever record an appellant brings us, and with the right to file a brief.[1]
We note that the Appellate Rules Committee of the Florida Bar has recently reconsidered rule 9.140 and recommended a change whereby appeals from rule 3.800(a) applications be treated on review in the same way that rule 3.850 determinations are handled. That change has not yet been considered or approved by the supreme court. The Committee's proposed change necessarily raises a question as to whether rule 3.800(a) should be correspondingly changed to resemble rule 3.850.
The uncertainty of adoption of the proposed change requires, however, that we make clear that we intend to handle rule 3.800(a) appeals under the current version of rule 9.140 in the way that its current text so plainly requires. The appellant shall have the initial burden, as in any appeal, to superintend preparation of the record and select its contents. The clerk of the lower court shall follow rule 9.140(d), and appellant's initial brief shall be served and filed within 80 days of filing the notice of appeal.
We do not intend by this to place barriers before prisoners  who often appear without a lawyer and without any money  with meritorious claims to serving an illegal sentence. But we do emphasize that the burden, as with all appeals, is on the appellant to make the fact of error clearly apparent. As the judges who must decide cases brought to us, it is not our role to suggest issues to be raised, or where in the record an appellant might find support for an issue that could be raised. Our adversary system of justice depends on the parties to advocate their own causes, not on judges to make their cases for them.
In this case, the record was due to be prepared by the clerk of the circuit court within 50 days after the notice was filed, with the index being served at the same time, and appellant's initial brief was to *685 have been served within 80 days after the filing of the notice of appeal. We will so handle all appeals from orders on rule 3.800 motions, until and unless rule 9.140 is changed. Because this case has provided the occasion to make ourselves clear on this subject, we hereby extend the above time requirements in this case to run from today's order instead of from the filing of the notice of appeal.
IT IS SO ORDERED.
DELL and POLEN, JJ., concur.
NOTES
[1] That is not to say that we cannot, after receiving appellant's brief in one of these cases, subject the appeal to consideration under rule 9.315. With this opinion we serve notice that, in those cases where appellant's initial brief in an appeal from an order entered under rule 3.800(a) does not show any substantial issue, we may summarily affirm the trial court's decision without awaiting further briefing.