ORDER
PER CURIAM.
On our own motion, we issued an order to show cause why this appeal should not be dismissed because appellant failed to timely file the initial brief. Upon consideration of appellant’s response to our order to show cause, we discharge the order to show cause, treat the response as a motion for extension of time to file the initial brief, and grant the motion.
Because what occurred here is a recurring problem in this court, we take this opportunity to clarify the procedure to be used in this type of case. Appellant, representing himself, filed a motion in the trial *544 court for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a). When that motion was denied, appellant filed a notice of appeal. The clerk of the lower tribunal apparently construed the order as a denial of a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, and prepared and forwarded to this court a record pursuant to Florida Rule of Appellate Procedure 9.140(g).
Appellant has filed no brief, contending that since this is an appeal of an order denying a motion for postconviction relief, a brief is not required. Appellant apparently relies on Rule 9.140(g), which provides that in an appeal from an order denying relief under Rule 3.850, no briefs or oral argument shall be required. However, Rule 9.140(g) is not available if the appeal is of an order which denies a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.800(a).
In McMahon v. State, 567 So.2d 988, 990 (Fla. 1st DCA 1990), this court held, in pertinent part, as follows:
[A]ppellant can only avail himself of Rule 9.140(g) if he is substantively entitled to seek post-conviction relief pursuant to Rule 3.850 and he has procedurally complied with that rule.
We adhere to our opinion in McMahon and hold that a brief is required in this case. Appellant’s brief shall be due within 30 days from the date of this order.[1] No further extensions of time will be granted absent a showing of emergency.
JOANOS, C.J., and BOOTH and SHIVERS, JJ., concur.

. Since the record we received is sufficient to determine whether the trial court erred in denying appellant’s motion for postconviction relief pursuant to Rule 3.800(a), we do not at this time order the clerk of the lower tribunal to file a corrected record.