604 So.2d 6 (1992)
George WILEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3321.
District Court of Appeal of Florida, First District.
July 29, 1992.
*7 George Wiley, pro se.
No appearance for appellee.
PER CURIAM.
George Wiley (appellant) seeks review of an order denying his motion for post-conviction relief. Although the motion was designated a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, the trial court properly treated it as a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm, without prejudice to appellant's right to file a second motion articulating a basis for relief, if he is able to do so.
Appellant was charged in a 3-count information with robbery, kidnapping, and sexual battery. Pursuant to a plea agreement, he pled nolo contendere to all three counts, and was sentenced to three concurrent 15-year terms of incarceration, with three mandatory minimum 3-year terms for use of a firearm, the mandatory sentences to run consecutively. As grounds for relief, appellant claimed a double jeopardy violation, asserting that all of the charged offenses occurred in the course of one criminal episode, and thus should have been charged as one crime. The trial court denied relief, finding that appellant was patently wrong in contending he could receive only one sentence under one case number, as was his contention that he should receive a single sentence for multiple crimes occurring during a single transaction. We agree.
Motions to correct an illegal sentence may be filed pursuant to either rule 3.800(a) or rule 3.850. Yates v. State, 556 So.2d 501, 502 (Fla. 1st DCA 1990). However, double jeopardy arguments of the sort appellant advanced in this case are challenges to convictions, not sentences, and thus are not cognizable under rule 3.800; rather, they must be pursued by rule 3.850. Ferenc v. State, 563 So.2d 707 (Fla. 1st DCA 1990); Gandy v. State, 560 So.2d 1363, 1364 (Fla. 1st DCA 1990); State v. Spella, 567 So.2d 1051, 1052 (Fla. 5th DCA 1990). Therefore, it was properly treated as a motion filed pursuant to rule 3.850 by the trial court.
As presently stated, the allegations of the motion are facially insufficient to demonstrate a basis for relief. Mitchell v. State, 581 So.2d 990, 991 (Fla. 1st DCA 1991). Nevertheless, appellant may have a valid complaint concerning imposition of consecutive mandatory minimum sentences for use of a firearm if, in fact, he was convicted of crimes that occurred in the course of a single criminal episode. See Daniels v. State, 595 So.2d 952 (Fla. 1992); State v. Suarez, 485 So.2d 1283 (Fla. 1986); Palmer v. State, 438 So.2d 1 (Fla. 1983).
Accordingly, the order denying post-conviction relief is affirmed, without prejudice to appellant's right to file a properly drafted motion.
JOANOS, C.J., and BOOTH and ZEHMER, JJ., concur.