DIAMANTIS, Judge.
Appellant appeals the denial of his rule 3.800(a) motion to correct what he claims to be an illegal sentence. We affirm in part, reverse in part, and remand for further proceedings.
In 1987 appellant was found guilty of attempted first degree murder for which he received a departure sentence of life; sexual battery for which he received a 15-year sentence; kidnapping for which he received a 40-year sentence; possession of a weapon in the commission of a felony for which he received a 5-year sentence; and armed robbery for which he received a 40-year sentence. All sentences were ordered to run concurrently. The attempted first degree murder sentence of life was a departure sentence. The remaining sentences were guidelines sentences.
On direct appeal, this court affirmed appellant’s convictions and sentences except for the conviction of kidnapping, reversing this conviction because the trial court failed to charge the jury on the lesser included offense of false imprisonment:
Pursuant to State v. Sanborn, 533 So.2d 1169 (Fla.1988), the conviction for kidnapping is reversed and the cause remanded for a new trial on the kidnapping charge plus resentencing. In all other respects, the decision of the trial court is affirmed.
Schiming v. State, 534 So.2d 1252 (Fla. 5th DCA 1988).
Thereafter, the state nolle prossed the kidnapping charge. Appellant was never resentenced on the remaining convictions.
Appellant, on September 10, 1991, filed a rule 3.800(a) motion, claiming that he should be resentenced on the remaining convictions. The trial court denied the motion, stating:
I read the district court’s opinion as requiring a new trial on the kidnapping count and resentencing only as to that count in the event the defendant was again convicted. I do not read the district court’s opinion as requiring resen-tencing on the other four counts. If that were the case, the opinion would have vacated or reversed the sentences on the other four counts and directed that the defendant be resentenced on them.
This appeal followed.
As for appellant’s guidelines sentences, this court’s decision in Kirtsey v. State, 553 So.2d 395 (Fla. 5th DCA 1989), is controlling. In Kirtsey this court recognized that, when it previously reversed a kidnapping charge and affirmed the other convictions and sentences, it failed to consider that the removal of the kidnapping conviction from the scoresheet might require a lesser guidelines sentence. In Kirtsey, we reversed the trial court for failing to resentence on the remaining charges. Pursuant to Kirtsey, therefore, appellant’s guidelines sentences must be vacated and this cause remanded for resen-tencing.
Appellant also claims that he must be resentenced on the attempted murder conviction because the kidnapping charge may have impacted upon the trial court’s decision to impose a departure sentence.[1] We disagree. The record establishes that the departure sentence on the attempted murder charge was based solely on the fact that the appellant attempted to eliminate an eyewitness to the robbery offense. The trial court’s written departure order specifically cites Blankenship v. State, 516 So.2d 76 (Fla. 5th DCA 1987). There is no indication in the record that the trial court relied on the kidnapping conviction in imposing a departure sentence.[2] We note, however, that the kidnapping conviction may have influenced the trial court’s determination as to the extent of the departure. Since this cause is being remanded for resentenc- *815 ing on the guidelines sentences, both the state and appellant should be heard concerning any possible impact the kidnapping conviction may have had on the extent of the departure sentence. If the trial court finds that the kidnapping charge did influence the extent of the departure sentence, then the trial court should also resentenee on that charge.
The state argues that our opinion in Dowling v. State, 545 So.2d 521 (Fla. 5th DCA 1989), is applicable. In that case, the court ruled that relief under rule 3.800(a) is discretionary, while under rule 3.850 a trial court must vacate a sentence which is not authorized by law:
Accordingly, the standard of review in an appeal of an order denying a Rule 3.800(a) motion is whether the trial court abused its discretion in denying the relief requested. Since an alternative remedy to correct an illegal sentence is available under Rule 3.850, the denial of a Rule 3.800(a) motion will rarely be overturned. In addition, trial judges may be justifiably reluctant to grant relief pursuant to Rule 3.800(a) when the same relief could have been sought in previous proceedings, as in this case, where appellant had filed two prior Rule 3.850 motions which were denied.
* * * * * *
Furthermore, the possibility that Rule 3.800(a) will be misused by defendants seeking to circumvent the procedural safeguards of Rule 3.850 would be, in and of itself, a sufficient ground to deny relief in all but a few cases where the movant is not in custody and therefore has no alternative relief.
Id. at 522-523 (footnotes omitted). Here, the trial court indicated that it denied appellant’s motion based on its understanding that the opinion of this court did not require resentencing. Thus, the trial court was not exercising its discretion when it denied the rule 3.800(a) motion and the reasoning in Dowling is not applicable.
Accordingly, we affirm appellant’s departure sentence but vacate appellant’s guidelines sentences for sexual battery, possession of a weapon in the commission of a felony, and armed robbery, and remand this cause for resentencing on these offenses.
SENTENCES AFFIRMED in part; VACATED in part; REMANDED for further proceedings.
W. SHARP and THOMPSON, JJ., concur.

. Kirtsey did not involve a departure sentence.

. See § 921.001(5), Fla.Stat. (1987).