624 So.2d 830 (1993)
Jerry Antone WYCHE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-486.
District Court of Appeal of Florida, First District.
September 30, 1993.
Jerry Antone Wyche, appellant, pro se.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., for appellee.
*831 JOANOS, Judge.
Appellant, Jerry Antone Wyche, appeals the summary denial of his motion to correct an allegedly illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant sought correction of certain court case numbers to coincide with the sentence imposed after the cause was remanded for resentencing. See Wyche v. State, 576 So.2d 884 (Fla. 1st DCA 1991) (Wyche I). In addition, the factual allegations of the motion indicate the existence of scrivener's errors on the judgment and sentence forms. We reverse and remand for correction of the judgment and sentencing documents.
In the sworn rule 3.800(a) motion, appellant states that on May 14, 1991, he pled nolo contendere in circuit court case 87-699 to delivery of a controlled substance, a second-degree felony; and in circuit court case 87-728 to sale of a controlled substance, a second-degree felony. The motion states that when appellant received a copy of his judgment and sentencing orders, he noted that the resentencing document referred to case 86-2215, involving the third-degree felony of conspiracy to deliver a controlled substance, rather than case 87-699, for which resentencing had been ordered. The motion further states that appellant did not enter a plea to conspiracy to deliver a controlled substance, and the court's records would so reflect.
The copy of "Re-Sentence Judgment" in case 87-728, attached to the motion, lists sale of a controlled substance as a third-degree felony, and states that appellant was placed on probation for fourteen years. The copy of "Re-Sentence Judgment" in case 86-2215 lists conspiracy to deliver controlled substance as a third-degree felony, for which appellant was placed on probation for fourteen years.
The record before this court contains a response from the assistant state attorney, which indicates that on May 9, 1991, an order was entered directing that appellant be returned to Bay County in connection with case numbers 87-699 and 87-728, as well as case 86-2215, for the purpose of re-sentencing. According to the assistant state attorney, appellant failed to show any impropriety in the resentencing procedure. The order denying the motion to correct sentence suggests the trial court interpreted appellant's motion as a claim that case 86-2215 did not exist. Attached to the order is a copy of the Clerk's Minute sheet which reflects that appellant was found guilty by a jury of conspiracy to sell a controlled substance in case 86-2215.
Because we concluded tentatively that it seemed appellant's allegations should not have been summarily denied, we requested the Attorney General's staff to respond to five points. The state's answer brief addresses each point in reasonable detail. Among other things, the state agrees that three of the points involving scrivener's errors require reversal. However, the state asserts appellant is entitled to no other relief, because these matters existed at the time of the direct appeal from resentencing.
In his reply brief, appellant asserts that in his initial brief, he stated that after remand in Wyche I, the trial court resentenced him in circuit court case numbers 87-699 and 87-728, but failed to vacate the original sentence in case 87-699. As a consequence, appellant maintains he is still serving one of the fifteen-year sentences imposed at the original sentencing. The reply brief further states that appellant's classification officer apprised him of the continuing existence of this fifteen-year sentence more than two years after his resentencing. Appellant requests remand for vacation of the fifteen-year sentence in case 87-699, and correction of the scrivener's errors conceded by the state.
Although inartfully phrased, appellant's motion raises a valid claim for correction of the sentencing documents, and the state concedes as much. However, appellant's allegation that the trial court failed to vacate the fifteen-year sentence in case 87-699, pursuant to the remand direction in Wyche I, was not raised in the motion to correct sentence. The notice of appeal and statement of judicial acts to be reviewed filed by the pro se appellant state the appeal was taken from the denial of a rule 3.850 motion, rather than denial of a rule 3.800(a) motion. These documents suggest that a rule 3.850 motion was filed in addition to the rule *832 3.800(a) motion. However, there is nothing in the record before this court to indicate that appellant presented the alleged failure to vacate the original fifteen-year sentence in case 87-699 to the trial court.
We are cognizant of the difficulties involved in self-representation, particularly with respect to the appellant's obligation to ensure that a proper record is transmitted to the appellate court. Nevertheless, the burden in all appeals "is on the appellant to make the fact of error absolutely apparent." Hampton v. State, 596 So.2d 682, 684 (Fla. 4th DCA 1992). Moreover, a claim that was neither presented to nor ruled upon by the trial court cannot be raised as an issue on appeal. Trepal v. State, 621 So.2d 1361 (Fla. 1993). Since appellant has failed to demonstrate that he raised the alleged failure to vacate the fifteen-year sentence originally imposed in case 87-699 to the trial court, the issue is not before us for review.
Next, we must determine whether relief by means of rule 3.800(a) is available to address the types of errors in this case. A rule 3.800(a) motion to correct an illegal sentence is reserved for the narrow category of cases in which the sentence imposed is not authorized by law, e.g., where the sentence exceeds the statutory maximum sentence for the crime charged. Rouse v. State, 601 So.2d 281 (Fla. 1st DCA), review denied, 604 So.2d 487 (Fla. 1992); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla. 1992). Appellant's allegations concerning application of the wrong case numbers to particular convictions which were remanded for resentencing implicates what appear to be errors concerning the degree of felony on the sentencing documents. It appears the errors regarding the designation of felony degree resulted in concomitant sentences exceeding the statutory maximum for the convicted offenses. Such claims may be raised in a rule 3.800(a) motion. See Stewart v. State, 608 So.2d 536 (Fla. 2d DCA 1992).
Based upon our own examination of the record and the state's concession of error, we have determined the trial court's order denying the motion to correct illegal sentence must be reversed and remanded for resentencing. Upon remand, the resentencing documents in case 86-2215 should be corrected to reflect that appellant was found guilty by a jury of conspiracy to sell a controlled substance. In addition, because the fourteen-year probationary term imposed in case 86-2215 exceeds the maximum penalty for a third-degree felony, see §§ 775.082(3)(d) and 777.04(4)(c), Fla. Stat., it should be corrected. The resentencing documents in case 87-728 should be corrected to reflect sale of a controlled substance as a second-degree, rather than a third-degree felony.
In summary, the trial court is directed to review the case numbers which were the subject of the remand order in Wyche I to ascertain whether the resentencing accomplished upon remand addressed the circuit court case numbers for the two fifteen-year departure sentences reversed in the first appeal. In the course of its review, the trial court is directed to correct the degree of felony designations to reflect the convicted offense, where such correction is indicated. In the same vein, the trial court is directed to correct the sentencing disposition, if the sentence exceeds the permissible maximum penalty for the offense.
Accordingly, the order denying appellant's motion to correct an illegal sentence is reversed, and the cause is remanded for further proceedings.
ERVIN and MICKLE, JJ., concur.