SHIVERS, Senior Judge.
George A. Wiley has appealed from an order of the trial court denying his motion to correct an illegal sentence pursuant to Fla. R.Crim.P. 3.800(a). We affirm.
Wiley pled nolo contendere to robbery, kidnapping and sexual battery. He received three concurrent 15-year terms of incarceration, with three consecutive 3-year minimum mandatory terms for use of a firearm. He *722 thereafter moved for post-conviction relief pursuant to Fla.R.Crim.P. 3.850, alleging a double jeopardy violation, i.e., the charged offenses occurred in the course of one criminal episode and thus .should have been charged as one crime. The trial court denied the motion, and this court affirmed. Wiley v. State, 604 So.2d 6 (Fla. 1st DCA 1992). However, the court noted that Wiley “may have a valid complaint concerning imposition of consecutive mandatory minimum sentences for use of a firearm if, in fact, he was convicted of crimes that occurred in the course of a single criminal episode.” Wiley at 7. Accordingly, the court affirmed without prejudice to Wiley’s “right to file a properly drafted motion.” Wiley at 7.
On January 20, 1993, Wiley filed the instant 3.800(a) motion alleging that the consecutive minimum-mandatory terms were “illegal when stacked pursuant [to] Florida Statue [sic] 775.087(2).” The motion also alleged ineffective assistance of counsel in failing to object to the consecutive sentences. The trial court denied the motion, finding no factual basis for the sentencing allegation, and that the ineffective assistance claim was moot.
Although consecutive mandatory minimum sentences may only be imposed for offenses arising from separate incidents occurring at separate times and places, Murray v. State, 491 So.2d 1120, 1123 (Fla.1986), Wiley does not allege that his offenses did not so arise. Further, an allegation of ineffective assistance of counsel is not properly raised in a motion pursuant to Fla.R.Crim.P. 3.800(a). See Wyche v. State, 624 So.2d 830, 832 (Fla. 1st DCA 1993) (3.800(a) motions are reserved for the narrow category of cases in which the sentence imposed is not authorized by law). The motion herein was properly denied, and we affirm.
BOOTH and KAHN, JJ., concur.