W. SHARP, Judge.
For a variety of reasons we affirm the denial of Powers’ petition for habeas corpus filed in the trial court. For one, his pro se brief does not begin to comply with Florida Rule of Appellate Procedure 9.210(b).[1] Secondly, the basis for the relief claimed in the petition — that at the time Powers entered his guilty plea he was not placed under oath or questioned regarding his knowledge and understanding of the rights he was waiving by entering his plea— could have and should have been raised in his prior post-conviction proceeding. Resort to a Petition for Writ of Habeas Corpus is not an alternative. Mills v. Dugger, 574 So.2d 63 (Fla.1990).
Finally, even if we were disposed to do so, we cannot treat this proceeding as an application for post-conviction relief because it is time barred by the two year rule.[2] Powers’ judgment and sentence became final on in 1989 and he fails to allege any special circumstances which could avoid the time bar.
AFFIRMED.
PETERSON and THOMPSON, JJ„ concur.

. A pro se party is required to comply with all of the procedural rules on appeal. Dowling v. State, 545 So.2d 521 (Fla. 5th DCA 1989).

. Fla. R.Crim. P. 3.850(b).