BROWNING, J.
Otis White (Appellant) appeals a final order denying his Motion to Correct Sentencing Error. Concluding that Appellant’s motion raises factual questions and is facially sufficient and timely filed under Florida Rule of Criminal Procedural 3.850, we reverse the trial court’s order and remand for an evidentiary hearing.
The State’s information charged Appellant with robbery with a firearm, a first-degree felony punishable by life pursuant to section 812.13(2)(a), Florida Statute (2001); and felony fleeing a duly authorized police officer. According to a written offer of plea filed in the circuit court on June 20, 2002, Appellant pled guilty to “aiding & abetting robbery w/a f.a. (no min. manditory [sic]).”[1] According to the June 20, 2002, written judgment/sentence, Appellant entered a guilty plea to “aiding & abetting robbery with farm,” which is listed as an “LIO” (lesser-included offense) of the charged crime. He was classified as a prison releasee reoffender and sentenced to four years’ incarceration.
Appellant filed a December 16, 2002, sworn Motion to Correct Sentencing Error alleging that he had entered a plea to robbery without a firearm and that on June 20, 2002, the trial court had entered judgment against Appellant for robbery without a firearm. Appellant asked the court to correct the alleged scrivener’s error to comport with the crime t.o which Appellant alleges he actually pled. He attached to his motion two exhibits: the first page of the written judgment form, and a purported Courtroom Documentation sheet dated June 20, 2002, listing the charge as “aiding & abetting robbery while armed ivithout firearm.” On the Courtroom Documentation sheet, “out” appears to have been added after the word “with.” Under the “Remarks” section, the following is written: “Plea entered, accepted, sentenced.” The sheet appears to have been signed by a circuit judge.
Although Appellant styled his motion under Florida Rule of Criminal Procedure 3.800(b), the trial court determined it should be treated as a Rule 3.800(a) motion. Having determined that “the paperwork from the court file is inconclusive as to which charge is correct,” the trial court *288 ordered the State to respond to the motion. The State argued that the offer of plea form and the judgment/sentence form correctly reflect the crime with which Appellant was charged, and to which he pled. The State did not acknowledge the Courtroom Documentation sheet. In his reply, Appellant asserted that the offer of plea form lists the crime as “robbery w/o f.a.”
In its final order, the trial court construed the offer of plea form as indicating “robbery w/a f.a.,” ie., robbery with a firearm. The court did not address the Courtroom Documentation sheet and its facial conflict with the written judgment form and, perhaps, with the plea.
Appellant has the burden to “ensure that a proper record is transmitted to the appellate court.” Wyche v. State, 624 So.2d 830, 832 (Fla. 1st DCA 1993). According to Rule 3.800(a), “[a] movant is required only to allege what part of the record demonstrates an entitlement to relief.” Ferguson v. State, 746 So.2d 1171, 1172 (Fla. 4th DCA 1999). Appellant met these requirements. Generally, Rule 3.800(a) is appropriate only where the claim can be resolved from the face of the record, ie., without resort to fact-finding after an evidentiary hearing. See Maynard v. State, 763 So.2d 480 (Fla. 4th DCA 2000). Because Appellant’s motion raised questions of fact regarding the crime to which Appellant actually pled, Rule 3.850 is the proper avenue for relief. Inasmuch as the motion raises factual issues and is sworn and timely filed, in accordance with the requirements of Rule 3.850, the trial court erred in failing to hold an evidentia-ry hearing.[2]
We REVERSE the order and REMAND with directions to the trial court to hold an evidentiary hearing to resolve the factual questions.
WOLF, C.J. and HAWKES, J., concur.

. Appellant alleged that the offer of plea form indicates the crime as "robbery w/o f.a.”

. In its answer brief filed pursuant to our order under Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), the State concedes that "if this Court determines that an evidentiary hearing is necessary, Appellant's motion should be treated as filed pursuant to rule 3.850, Fla. R.Crim. P.”