# Supreme Court of Florida

_____

No. SC18-695
_____

**RONALD K. SCHIMING,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

October 19, 2018

PER CURIAM.

This case is before the Court on the petition of Ronald K. Schiming for a writ of habeas corpus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. By order dated July 10, 2018, we denied Schiming's petition as repetitive pursuant to *Topps v. State*, 865 So. 2d 1253 (Fla. 2004). *Schiming v. Jones*, No. SC18-695, Order at 1, 2018 WL 3356163 (Fla. July 10, 2018). Concurrent with the denial of the petition, we expressly retained jurisdiction to pursue possible sanctions against Schiming. *Id.*; *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Schiming was convicted in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, on counts of attempted first-degree murder, sexual

battery by threat or force, kidnapping, possession of a weapon in the commission of a felony, and robbery with a deadly weapon (case number 481987CF005037000AOX). He was sentenced to various concurrent terms of incarceration, including life imprisonment for the attempted murder conviction. On direct appeal, the Fifth District Court of Appeal reversed the conviction for kidnapping and remanded for a new trial on that charge. The remaining convictions and sentences were affirmed. *See Schiming v. State*, 534 So. 2d 1252 (Fla. 5th DCA 1988). The State nolle prossed the kidnapping charge in 1989, but in 1991 Petitioner filed a motion to correct sentence under Florida Rule of Criminal Procedure 3.800(a) claiming that he was never resentenced on the remaining convictions. On appeal of the trial court's denial of that motion, the Fifth District affirmed Petitioner's departure sentence for attempted first-degree murder, but his guidelines sentences on the remaining convictions were vacated and remanded for resentencing. *See Schiming v. State*, 617 So. 2d 813, 815 (Fla. 5th DCA 1993). After resentencing, Petitioner again appealed and the Fifth District per curiam affirmed his convictions and sentences. *See Schiming v. State*, 637 So. 2d 252 (Fla. 5th DCA 1994).

Schiming began filing petitions with the Court in 2003. Since that time, he has filed eleven previous petitions or notices related to his convictions and

sentences in the above-stated case.[1]  We have never granted the relief sought in any

of Schiming's filings, all of which have been denied, dismissed, or transferred by

the Court.  Ten of these previous filings have been habeas petitions in which

Schiming challenged the legality of his life sentence for attempted first-degree

murder.  The habeas petition in this case was no exception.  Schiming argued that

his 1987 conviction for attempted first-degree murder was erroneously reclassified

as a life felony, making his sentence illegal because the jury did not make a

separate finding in its verdict that he had used a deadly weapon during commission

of the offense.  We denied the petition as repetitive and directed Schiming to show

cause why he should not be barred from filing any further pro se requests for relief

---

1. *See Schiming v. Jones*, No. SC17-56, 2017 WL 1034541 (Fla. Mar. 17, 2017) (habeas petition dismissed as unauthorized); *Schiming v. Jones*, No. SC16-1728, 2016 WL 6656787 (Fla. Nov. 9, 2016) (habeas petition denied as repetitive); *Schiming v. Jones*, No. SC15-2048, 2016 WL 282097 (Fla. Jan. 22, 2016) (habeas petition denied as procedurally barred); *Schiming v. Crews*, 139 So. 3d 887 (Fla. 2014) (table) (No. SC13-1799) (habeas petition dismissed); *Schiming v. State*, 119 So. 3d 444 (Fla. 2013) (table) (No. SC12-2745) (mandamus petition dismissed); *Schiming v. McNeil*, No. SC10-2227 (Fla. Dec. 14, 2010) (habeas petition transferred); *Schiming v. McNeil*, 22 So. 3d 539 (Fla. 2009) (table) (No. SC09-1083) (habeas petition dismissed); *Schiming v. McNeil*, 982 So. 2d 1179 (Fla. 2008) (table) (No. SC08-604) (habeas petition denied as repetitive); *Schiming v. McDonough*, 939 So. 2d 94 (Fla. 2006) (table) (No. SC06-1165) (habeas petition dismissed); *Schiming v. State*, 903 So. 2d 936 (Fla. 2005) (table) (No. SC05-285) (notice to invoke administratively dismissed); *Schiming v. State*, No. SC03-871 (Fla. May 18, 2004) (habeas petition transferred).

and referred to the Department of Corrections for possible disciplinary action pursuant to section 944.279, Florida Statutes (2018).

Schiming filed a response to the order to show cause in which he reasserts that his life sentence is illegal and argues that sanctions would be improper because this Court has never addressed the merits of his claim. He argues that he has always alleged manifest injustice, making all of his filings meritorious and therefore not frivolous. Upon due consideration of Schiming's response, we conclude that it fails to show cause why sanctions should not be imposed. Based on his persistent history of filing pro se petitions that were frivolous, meritless, or otherwise inappropriate for this Court's review, Schiming has abused the judicial process and burdened this Court's limited judicial resources. We further conclude that Schiming's petition for writ of habeas corpus filed in this case, which represents the eleventh petition in which he has raised the same issue and sought the same relief, is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2018).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Ronald K. Schiming that are related to case number 481987CF005037000AOX, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Schiming's behalf if counsel determines that the proceeding may have merit

and can be brought in good faith.  Furthermore, because we have found Schiming's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes, to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Schiming is incarcerated.

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

Original Proceeding – Habeas Corpus

Ronald K. Schiming, Sr., pro se, Madison, Florida,

for Petitioner

No appearance for Respondent