Robert William DeSPAIN, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 93–52.

Supreme Court of Wyoming.

Dec. 10, 1993.

Robert William DeSpain, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., Barbara L. Boyer, Sr. Asst. Atty. Gen., Turner Rouse, Asst. Atty. Gen., for appellee.

Before MACY, C.J., and THOMAS, CARDINE, GOLDEN and TAYLOR, JJ.

THOMAS, Justice.

The primary issue presented in this case is whether a Motion to Vacate or Correct Sentence, brought under WYO.R.CRIM.P. 35(a), is the proper remedy by which to assert a violation of double jeopardy protections. Robert William DeSpain (DeSpain) filed such a motion contending it was unlawful for the district court to impose consecutive sentences upon him for convictions of attempted escape and aggravated assault and battery. If the motion were perceived as a proper remedy, the question on the merits is whether the State lawfully may charge separate offenses of aggravated assault and battery in violation of WYO.STAT. § 6–2–502 (1988) and attempted escape from detention in violation of WYO. STAT. § 6–5–206 (1988), or is the State required to invoke WYO.STAT. § 6–5–207 (1988) and charge escape by violence or assault, or while armed.[1] We hold that a motion pre-

---

1. WYO.STAT. § 6–2–502 (1988) provides:

(a) A person is guilty of aggravated assault and battery if he:

(i) Causes serious bodily injury to another intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life;

(ii) Attempts to cause, or intentionally or knowingly causes bodily injury to another with a deadly weapon;

(iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, property or abode or to prevent serious bodily injury to another; or

(iv) Intentionally, knowingly or recklessly causes bodily injury to a woman whom he knows is pregnant.

(b) Aggravated assault and battery is a felony punishable by imprisonment for not more than ten (10) years.

WYO.STAT. § 6–5–206 (1988) provides:

(a) A person commits a crime if he escapes from official detention. Escape is:

(i) A felony punishable by imprisonment for not more than ten (10) years, if the detention is the result of a conviction for a felony;

(ii) A felony punishable by imprisonment for not more than three (3) years, a fine of not

sented under Wyo.R.Crim.P. 35(a) is not the proper remedy to assert a constitutional claim of double jeopardy. If DeSpain had pursued the proper remedy through a petition for post-conviction relief as provided in Wyo.Stat. §§ 7–14–101 to –108 (1987 and Supp.1993), he still would not be entitled to relief. We hold his convictions were the product of separate and distinct statutory offenses, and the prosecutor had the requisite discretion to elect the charge or charges which should be brought based on the specific facts of the case. The order of the district court denying the Motion to Vacate or Correct Sentence is affirmed.

DeSpain in his Brief of Appellant, states this issue:

> Whether the imposition of dual and consecutive sentences for aggravated assault, 6–2–502, W.S.1977, 1983 revision, and escape, 6–5–206, W.S.1977, 1983 revision, for a single violent escape attempt, violated the Double Jeopardy provisions of Article 1 § 11 of the Wyoming Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

As appellee, the State of Wyoming articulates the issue in this way:

> Whether the charging, conviction and consecutive sentencing of the Appellant pursuant to two general statutes for the same conduct as described by a special statute subjected him to double jeopardy in violation of the constitutional guarantees of either the Wyoming or United States Constitutions.

A deputy at the Fremont County Jail, during his shift on September 4, 1987, was typing fingerprint cards when he was interrupted at about 2:15 A.M. by a knocking on a cell door in the south hallway of the jail. The sergeant determined that the noise was coming from "A" cell, a cell that housed eight inmates, among whom was DeSpain. The sergeant approached the cell and opened the food trapdoor to determine who was knocking. Kevin Sharpe handed the sergeant a note indicating that Sharpe would be killed if he was not moved from "A" cell. The sergeant returned to the office of the jail, obtained the key for "A" cell from the jailer on duty in order to move Sharpe to a different cell. The jailer accompanied the sergeant back to "A" cell, and the sergeant lifted the door latch saying, "Come on, Kevin, let's go." Sharpe emerged from the cell carrying his mattress, but when the sergeant attempted to close the cell door behind him, DeSpain struck the sergeant on his shoulder commanding him to "get back." DeSpain then entered the hallway with an object in his hand that the sergeant testified "looked like a pencil or something like a rod." The sergeant grabbed both of DeSpain's hands and the two struggled while the sergeant attempted to work his way over to the panic button located six to eight feet from the jail door. Activating the panic button sends a beeping noise to the office of the jail and to the dispatcher. The sergeant eventually was able to press the panic button with his shoulder while still struggling with DeSpain.

The sergeant at that time observed the jailer struggling with Kevin Sharpe in the same hallway. During the course of the struggle, DeSpain pulled the sergeant away from the area of the panic button and back to "A" cell. DeSpain pushed the sergeant into the cell and closed the door, automatically locking the sergeant inside. In a few minutes, DeSpain unlocked the door with the keys from the hallway side and joined the sergeant in "A" cell.

The sergeant then heard keys turning in the lock, again from the hallway side, and he decided that the situation was over. He turned away from DeSpain to leave the cell, and DeSpain said, "I got him now; don't come in." The sergeant then saw DeSpain was holding a makeshift knife made from a toothbrush and a razor blade. He had to block DeSpain's arm from coming around him by throwing his own arm up, and he was cut on his hand by DeSpain at that time. The sergeant then spun around and escaped

---

more than three thousand dollars ($3,000.00), or both, if the detention is the result of:

 (A) A conviction for a misdemeanor; or
 (B) An arrest or charge for a crime.
Wyo.Stat. § 6–5–207 (1988) provides: .

A person commits a felony punishable by imprisonment for not more than ten (10) years if he escapes from official detention by violence or while armed with a deadly weapon or by assault upon a person in charge of the detention.

from DeSpain at the same time that two police officers from the city of Lander, who had been trying to unlock the door, succeeded and entered the cell. The two police officers, the jailer, and the sergeant eventually subdued DeSpain with mace. The struggle took them to the floor of the cell, where physical restraint and handcuffs were sufficient to control DeSpain.

A complaint was filed on September 28, 1987, charging DeSpain with attempted escape from official detention in violation of Wyo.Stat. §§ 6–1–301(a)(i) and 6–5–206(a)(i), aggravated assault and battery in violation of Wyo.Stat. § 6–2–502(a)(iii), and manufacture of a deadly weapon with unlawful intent in violation of Wyo.Stat. § 6–8–103. Following the filing of an information in the district court on December 14, 1987, DeSpain was tried on these charges. The result of the trial was that DeSpain was convicted of attempted escape and aggravated assault and battery, but he was acquitted of manufacturing a deadly weapon with unlawful intent. He then was sentenced to not less than eight, nor more than ten, years on each count for which he had been convicted with the sentences to run consecutively. In other cases, DeSpain had been convicted three times prior to the imposition of these consecutive sentences by the district court.

DeSpain appealed his convictions raising issues of the denial of a speedy trial and the denial of speedy sentencing, but his convictions were affirmed. *DeSpain v. State*, 774 P.2d 77 (Wyo.1989). Subsequently, he filed two petitions for *habeas corpus* review in the United States District Court for the District of Wyoming and the United States Court of Appeals for the Tenth Circuit, respectively. Both of those petitions were dismissed.

Following those efforts, DeSpain filed in this case a Motion to Vacate or Correct Sentence, pursuant to Wyo.R.Crim.P. 35(a), alleging his dual convictions for aggravated assault and battery and attempted escape, which resulted in consecutive sentences, violated the protection against double jeopardy afforded to him by both the federal and state constitutions. The district court denied his motion on January 18, 1993, and DeSpain has appealed that decision to this court.

■ Initially, we correct any misapprehension that may be attached to the title of DeSpain's pleading which was "Motion to Vacate or Correct Sentence." Wyo. R.Crim.P. 35 is entitled "Correction or reduction of sentence" and reads as follows:

(a) *Correction.*—The court may correct an illegal sentence at any time. Additionally the court may correct, reduce, or modify a sentence within the time and in the manner provided herein for the reduction of sentence.

(b) *Reduction.*—A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within one year after the sentence is imposed or probation is revoked, or within one year after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one year after entry of any order or judgment of the Wyoming Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision. The court may determine the motion with or without a hearing.

There is nothing in the rule that would justify the vacation of any sentence. We treat DeSpain's motion as one for correction of an illegal sentence in accordance with the language of the rule and assume his pleading was intended to invoke that relief.

■ It is clear neither of these two sentences, one for attempted escape and one for aggravated assault and battery, is illegal within the language of Wyo.Stat. § 7–13–201 (1987). The district court imposed a term of not less than eight, nor more than ten, years on both convictions, and the sentences were to run consecutively. Each of these crimes is a felony punishable by imprisonment for not more than ten years. Both of the sentences imposed fit within the provisions of Wyoming's indeterminate sentencing statute which provides, in pertinent part:

The maximum term shall not be greater than the maximum provided by law for the statute violated, and the minimum term shall not be less than the minimum provided by law for the statute violated, nor greater than ninety percent (90%) of the maximum term imposed.

WYO.STAT. § 7-13-201 (1987).

The determination as to whether sentences that are imposed are to run concurrently or consecutively is within the discretion of the trial court. *Munden v. State*, 698 P.2d 621 (Wyo.1985). We are unable to discern any basis in this record for a conclusion that either sentence was illegal within Wyoming statutes or precedent.

The contention raised by DeSpain, however, in one ground of his motion is that "both trial convictions should be merged as one since same conduct was used to prove violation of statutes 6-1-301(a)(i) and 6-5-206(a)(i) and 6-2-502(a)(iii) [which] constitutes double jeopardy under *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990)."

Subsequent to the preparation of DeSpain's motion, we recognized in *State v. Keffer*, 860 P.2d 1118 (Wyo.1993), that *Grady* had been overruled by the Supreme Court of the United States in *United States v. Dixon*, — U.S. —, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). While we were addressing the concept of the statutory elements test in connection with the concept of lesser included offenses, we did point out its consistency with double jeopardy concepts, and we have no equivocation in reading *Dixon* as abandoning the same evidence test suggested by *Grady*. Still, the essence of DeSpain's contention is that he should have been charged with a single count of escape by violence or assault, or while armed, in violation of WYO.

STAT. § 6-5-207, rather than the two charges of attempted escape and aggravated assault and battery. His argument is that this conviction results in double jeopardy in violation of Article 1, § 11 of the Constitution of the State of Wyoming and the Fifth Amendment to the Constitution of the United States.[2]

■ Before we treat with the substantive issue raised by DeSpain, we hold he did not invoke the proper remedy. We have not directly addressed the precise procedural issue presented, but the rationale espoused by a Florida Court of Appeals is applicable in this instance. In *Plowman v. State*, 586 So.2d 454, 455 (Fla.Dist.Ct.App.1991) (emphasis added), the court stated:

> Although we hold that this claim [double jeopardy] may be raised for the first time on a motion for **postconviction** relief, * * * the relief sought via that motion is the correction of an illegal sentence * * *. This relief is properly sought through a * * * motion to vacate, set aside or correct the judgment or sentence.

This is a consistent concept in Florida. *Wiley v. State*, 604 So.2d 6 (Fla.Dist.Ct.App. 1992); *State v. Spella*, 567 So.2d 1051 (Fla. Dist.Ct.App.1990). *See generally United States v. Atkins*, 834 F.2d 426 (5th Cir.1987) (construing defendant's motion to correct illegal sentence on double jeopardy grounds as a motion for post-conviction relief). Federal precedent also is supportive of this proposition. *See Thompson v. Oklahoma*, 429 U.S. 1053, 97 S.Ct. 768, 50 L.Ed.2d 770 (1977); *United States v. Cataldo*, 832 F.2d 869 (5th Cir.1987), *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1577, 99 L.Ed.2d 892 (1988); *United States v. Kirk*, 723 F.2d 1379 (8th Cir.1983); *Herrera v. United States*, 798 F.Supp. 295 (E.D.N.C.1992) (mentioning double jeopardy claims in conjunction with post-conviction re-

---

2. Wyo. Const. art. 1, § 11 provides:

No person shall be compelled to testify against himself in any criminal case, nor shall any person be twice put in jeopardy for the same offense. If a jury disagree, or if the judgment be arrested after a verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy.

U.S. Const. amend. V provides:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall he be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

lief). In *Wiley,* the court stated that "double jeopardy arguments of the sort appellant advanced in this case are challenges to **convictions,** not sentences," and reiterated the proposition that the proper remedy was a motion for post-conviction relief, rather than a motion to correct an illegal sentence pursuant to Florida's Rules of Criminal Procedure. *Wiley,* 604 So.2d at 7 (emphasis added). *See also Spella.* DeSpain's situation is analogous because his double jeopardy attack really is upon the illegality of two convictions for separate charges when, he asserts, a single charge resulting in a single conviction should have been brought. He is not really complaining of the imposition of two sentences if the convictions are proper. .

In our view, the rationale of the cases cited above is compelling. The imposition of two consecutive sentences by a trial court is not illegal pursuant to the provisions of Wyoming's indeterminate sentencing statute, and the imposition of such sentences is a matter within the discretion of the trial court. There occurred here no abuse of the trial court's discretion, and we do not disturb its sentencing decisions on appeal. *McFarlane v. State,* 781 P.2d 931 (Wyo.1989). We hold DeSpain's double jeopardy claim should have been asserted through a petition for post-conviction relief brought pursuant to WYO. STAT. §§ 7–14–101 to –108, and invoking WYO.R.CRIM.P. 35(a) by a motion for correction of an illegal sentence was an inefficacious method of seeking relief.

 In the interest of judicial economy, we will address DeSpain's claim as though he had properly presented it. With respect to the protection against double jeopardy in the form of multiple prosecutions and cumulative punishments, we have affirmed the application of the statutory elements test as derived from *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In *Keffer,* 860 P.2d at 1130, we very recently cited the substance of the *Blockburger* test with approval:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether

each provision requires proof of an additional fact which the other does not.

*See also Cook v. State,* 841 P.2d 1345 (Wyo. 1992) (also citing the *Blockburger* test).

The statutory elements test has a two-fold purpose: the first is to determine whether the offenses have identical elements, and the second is to determine if some elements of either offense are identical to those of the other. In either instance, concerns about double jeopardy are implicated because a second prosecution and sentence for the identical crime or a second prosecution and sentence for a lesser-included crime are proscribed by the double jeopardy clauses of both our state and the federal constitutions. The essence of this test is that, when the elements or the facts of a charged offense make it separate and distinct from another charged offense, then the intention of the legislature to authorize separate or cumulative punishments for both offenses is presumed. In such an instance, the trial court can lawfully impose separate and cumulative sentences if the defendant is convicted of both crimes. *Morey v. Commonwealth,* 108 Mass. 28 (1871); *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *United States v. Dixon,* —— U.S. ——, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). As we stated in *Cook,* 841 P.2d at 1352 (emphasis in original), "legislative intent to authorize cumulative punishment is found only when each statute requires proof of an additional fact."

 This is the test which must be used to evaluate DeSpain's claim that the imposition of cumulative sentences for aggravated assault and battery and attempted escape constituted a violation of the double jeopardy protections. He was charged under paragraph (iii) of the aggravated assault and battery statute, which provides:

> (a) A person is guilty of aggravated assault and battery if he:
>
> \* \* \* \* \* \*
>
> (iii) Threatens to use a drawn deadly weapon on another unless reasonably necessary in defense of his person, prop-

erty or abode or to prevent serious bodily injury to another * * *.

WYO.STAT. § 6-2-502 (1988).

The elements of this offense are:

1. A person,
2. Unlawfully,
3. Threatens to use,
4. A drawn deadly weapon
5. On another.

DeSpain also was charged with attempted escape under the statute proscribing escape from official detention. That statute reads:

(a) A person commits a crime if he escapes from official detention. Escape is:

(i) A felony punishable by imprisonment for not more than ten (10) years, if the detention is the result of a conviction for a felony * * *.

WYO.STAT. § 6-5-206 (1988).

The penalty for an attempted crime is the same for the completed crime pursuant to WYO.STAT. § 6-1-304 (1988), and the elements of the offense of attempted escape then become:

1. A person,
2. Attempts to escape,
3. From official detention,
4. Which detention is a result of a felony conviction.

DeSpain's contention is that it was only lawful to charge him and convict him pursuant to a single statute, the statute proscribing escape by violence or assault, or while armed, which provides:

A person commits a felony punishable by imprisonment for not more than ten (10) years if he escapes from official detention by violence or while armed with a deadly weapon or by assault upon a person in charge of the detention.

WYO.STAT. § 6-5-207 (1988).

An attempt pursuant to this statute would encompass the following elements:

1. A person,
2. Attempts to escape,
3. From official detention,
4. By violence, or while armed with a deadly weapon,

5. Or by assault, upon a person in charge of detention.

■ A comparison of these elements as set forth in the statutes discloses that conviction pursuant to WYO.STAT. § 6-5-207 would be required as an element that the violence, the deadly weapon, or the assault be upon a detention officer. That is a different element from the elements of either the escape from official detention statute or the aggravated assault statute. The escape statute under which DeSpain was charged requires that the detention be as the result of a conviction of a felony. This is a different element from those required in the escape by violence statute. Each of the statutes, escape from official detention and escape by violence, encompasses an element not contained in the other statute, and the legislature's intent to authorize separate punishments for these two crimes is clear.

If we compare the escape by violence statute with the aggravated assault statute, we note escape by violence requires the victim be a person in charge of detention and, of course, there is the actual element of escape. Conversely, the assault with a dangerous or deadly weapon statute does not require the victim be in charge of detention nor does it require there be an escape involved. This may be a somewhat more subtle distinction than that found with respect to the two escape statutes, but we are satisfied proof of different facts is required in order to establish the elements of these offenses. For example, the perpetrator would be armed in both instances, but nothing in the statute relating to escapes seems to demand any threatening approach to the victim. Conversely, aggravated assault and battery requires the accused pose a threat to use the weapon in some way. Furthermore, the assault with a dangerous or deadly weapon offense does not require any proof of detention or escape.

We conclude the two convictions for aggravated assault and battery and attempted escape each require proof of an element not found in the statute relating to escape by violence or assault, or while armed. Applying the statutory elements test, we are satisfied the legislative intent was to authorize

cumulative punishments for DeSpain's dual convictions. *Simonds v. State,* 762 P.2d 1189 (Wyo.1988).

 The only other possible contention of DeSpain is that the prosecutor should have invoked his discretion to charge the single crime rather than invoking the multiple statutes. In *McArtor v. State,* 699 P.2d 288, 294 (Wyo.1985), we said, "[i]t is not uncommon for two valid statutes to prohibit the same type of conduct, or for the prosecutor to decide under which statute to charge a defendant." *See also Cook,* 841 P.2d 1345; *Bueno–Hernandez v. State,* 724 P.2d 1132 (Wyo.1986), *cert. denied,* 480 U.S. 907, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987). We also have said:

> The nature of the charge or charges filed is a matter of prosecutorial discretion which is limited by constitutional guarantees of certain rights.

*Derksen v. State,* 845 P.2d 1383 (Wyo.1993); *See also Bueno–Hernandez; Jahnke v. State,* 692 P.2d 911 (Wyo.1984). Since we have held DeSpain's right to protection under double jeopardy has not been infringed, we also hold there was no abuse of discretion by the prosecutor in selecting the charges he filed in this case.

Finally, with respect to the exercise of prosecutorial discretion, the separate charges of attempted escape and aggravated assault and battery do uniquely fit the facts of this case. This serves as a valid reason for not invoking the escape by violence or assault statute. The evidence in the record would disclose that the sergeant who struggled with DeSpain during the escape attempt saw an object in DeSpain's hand that "looked like a pencil or something like a rod." Eventually, that struggle brought the officer and DeSpain together in cell "A." It was later when the sergeant heard keys turning in the lock from police officers outside that he testified he "figured the situation was over with." Shortly after that, the sergeant realized the object in DeSpain's hand was a weapon, and this realization was contemporaneous with the threat uttered by DeSpain of "I got him now; don't come in." The crime of aggravated assault and battery did not occur until after DeSpain was back in the cell, at the time DeSpain uttered the threat, coinciding with the realization by the sergeant that DeSpain had a weapon. From these facts, it is clear separate offenses occurred in this instance. First, there was an attempted, but aborted, escape and, second, an aggravated assault. In light of these specific facts, the prosecutor's exercise of discretion was apt, and the two charges were appropriate.

We hold the effort by DeSpain to attack the separate sentences for aggravated assault and battery and attempted escape was not presented in a procedurally correct manner because the sentences were not illegal. Even if the appropriate remedy had been chosen, DeSpain's sentences do not violate the double jeopardy clauses of either our Wyoming or the federal constitution because the application of the statutory elements test demonstrates clearly different offenses. The State appropriately invoked its discretion in filing the charges upon which DeSpain was convicted, and the order of the trial court denying his motion is affirmed.

CARDINE, J., filed a special concurrence.

CARDINE, Justice, specially concurring.

I concur in the affirmance of the order of the district court denying the motion to correct sentence upon the ground that the relief appellant seeks is not available in a Rule 35(a) motion to correct sentence.