Charles Edward BIRR, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 93–225.

Supreme Court of Wyoming.

July 27, 1994.

Rehearing Granted Sept. 13, 1994.

Public Defender Program, Leonard D. Munker, State Public Defender, Cheyenne, Defender Aid Program, Gerald M. Gallivan,

Director, Michael D. Greear, Student Intern, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY,* CARDINE,** and TAYLOR, JJ.

GOLDEN, Justice.

Appellant Charles Edward Birr appeals the denial of his motion to vacate an aggravated robbery sentence which is to run consecutive to his life sentence for accessory to felony murder. Birr's challenge that the sentences violated constitutional double jeopardy provisions was rejected by this court's 1987 decision in *Birr v. Wyoming*, 744 P.2d 1117 (Wyo.1987). The *Birr* decision was overruled in *Cook v. State*, 841 P.2d 1345 (Wyo.1992). Birr then moved under WYO. R.CRIM.P. 35 to retroactively apply the *Cook* decision to his sentence. However, this court decided in *DeSpain v. State*, 865 P.2d 584 (Wyo.1993), that, upon exhaustion of the right to directly appeal from conviction, post-conviction relief provided through WYO.STAT. § 7–14–101 through 108 (1987 & Supp.1993) is the only proper method of gaining relief on a double jeopardy claim. *DeSpain* is dispositive of this appeal, and the district court's decision is affirmed. The state invites this court to overrule the *Cook* decision, but we decline to do so.

Birr states the issue as:

I. Whether the district court erred by not applying the *Cook* decision retroactively, thus, wrongfully denying Mr. Birr's motion to vacate his 20 to 25 year accessory to aggravated robbery sentence, which is to run consecutive to his life sentence for accessory to felony murder. Thereby violating the double jeopardy clause of the Wyoming and United States Constitutions.

The state rephrases the issues as:

I. Whether appellant may pursue relief on his double jeopardy claim through a motion to correct sentence?

---

* Chief Justice at time of oral argument.

** Retired July 5, 1994.

II. Whether *Cook v. State* should be retroactively applied to cases which had become final prior to the publication of that decision?

III. Whether this court should re-evaluate and overrule *Cook v. State* in light of its subsequent decisions?

 Birr first appealed to this court following sentencing for a 1985 robbery which he helped to plan. He supplied guns, rope and tape to two other men and drove them to the trailer of the intended victims. While Birr waited at a rendezvous location, his accomplices robbed and killed Robert and Kathleen Bernard. *Birr*, 744 P.2d at 1118–19.

Birr pleaded guilty to accessory to felony murder and accessory to aggravated robbery and moved to merge the offenses for purposes of sentencing. The motion was denied, and he was sentenced to consecutive prison terms. He appealed, contending the imposition of consecutive sentences violated the double jeopardy clauses of both the United States and the Wyoming constitutions. This court held that, because the legislature intended the offenses of aggravated robbery and felony murder to be distinct, consecutive sentences did not violate the constitutional double jeopardy provisions. *Birr*, at 1122.

In *Cook*, this court reexamined the statutory analysis of *Birr* in light of subsequent United States Supreme Court decisions and decided that *Birr* had been incorrectly decided, overruling that decision. *Cook* at 1350, 1353. Following publication of the *Cook* decision, Birr filed a Rule 35 *Motion to Vacate or Correct Sentence* and requested retroactive application of *Cook* to his sentence. The district court decided that *Cook* should not be given retroactive application and denied the motion.

 In 1993, this court decided *DeSpain* and held that a motion brought under Wyo. R.Crim.P. 35(a) was not the proper remedy by which to assert a violation of double jeopardy protections. *DeSpain*, 865 P.2d at 586. DeSpain asserted that a single charge resulting in a single conviction should have been brought and attacked his two convictions on separate charges as violating double jeopar-

dy protections. *DeSpain*, at 589. This court held that a double jeopardy claim brought in this procedural context was a challenge to the convictions and not to the sentence. The claims were to be asserted through a petition for post-conviction relief brought pursuant to Wyo.Stat. §§ 7–14–101 to 7–14–108 rather than by a motion to correct an illegal sentence. *DeSpain*, at 589.

Procedurally, Birr's double jeopardy claim is identical to *DeSpain*. Birr's challenge is also to his convictions and not to the sentence, and his proper remedy lies in post-conviction relief under the statute.

We hold that this court's 1993 decision in *DeSpain* is dispositive and affirm the district court's denial of the Rule 35 motion.