Ronald Leroy KENNEDY, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 94-85.

Supreme Court of Wyoming.

Feb. 15, 1995.

Ronald Leroy Kennedy, pro se.

Joseph B. Meyer, Atty. Gen., Sylvia Lee Hackl, Deputy Atty. Gen., D. Michael Pauling, and Paul S. Rehurek, Senior Asst. Attys. Gen., for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

LEHMAN, Justice.

Ronald Leroy Kennedy (Kennedy), acting pro se, brings this appeal challenging the district court's denial of his motion to correct an illegal sentence pursuant to W.R.Cr.P. 35.

We affirm.

Kennedy raises two issues for our consideration:

ISSUE I

Whether Appellant's constitutional rights were violated when the First Judicial District Court and Wyoming State Penitentiary officials lacked jurisdiction to disrupt or stop time on Appellant's first sentence which was in motion and place him on a second sentence with a new prison identification number # 11532.

ISSUE II

Whether Appellant should be credited with 217 days of time served to be credited against the minimum and maximum term of all phases of Appellant's sentence for time served in the county jail while waiting disposition of his case; whether Appellant should be credited with two-years-eleven months and eleven days to be credited against the minimum and maximum terms of all phases of his sentences for time spent on death row in the Wyoming State Penitentiary.

## BACKGROUND

In 1974 Kennedy was convicted of first degree murder, forcible rape, and assault and battery with the intent to commit a felony (murder). He was sentenced to death on the

murder conviction, 35 years to life on the rape, and 13 to 14 years on the assault. The latter two were to run concurrently to the death sentence.

In 1977 this court vacated the death sentence after finding that the mandatory death penalty for first degree murder was unconstitutional. *Kennedy v. State,* 559 P.2d 1014 (Wyo.1977) (*Kennedy I* ). On remand, Kennedy was sentenced to life for the first degree murder conviction which was then made to run consecutively to the other two convictions. This court affirmed that sentence in 1979. *Kennedy v. State,* 595 P.2d 577 (Wyo. 1979) (*Kennedy II* ).

On July 23, 1993, Kennedy filed a motion to correct an illegal sentence pursuant to W.R.Cr.P. 35. The district court denied the motion without comment on the 18th of March, 1994. He now appeals.

### DISCUSSION

■ Kennedy's complaint is that once he began serving his sentence for first degree murder (on death row), it was improper for the sentencing court, once the penalty was changed to life in prison, to make that sentence consecutive to the other two convictions. Kennedy insists that for the last twenty years he should have been serving his life sentence and not the sentences for assault and rape. The State counters that this issue was decided adversely to Kennedy in *Kennedy II* in 1979, barring him from raising the issue before us again.

We agree with the State; this issue was considered and decided by this court in *Kennedy II:*

> Cases cited by the appellants to the effect that maximum sentences should commence with initial incarceration and to the effect that ambiguities in the system should be resolved so as to accommodate early consideration for parole have no application here. In Wyoming, there is no parole from a sentence for life. Possibilities of commutation are matters within the constitutional prerogative of the executive department and do not concern the court.

*Kennedy II,* 595 P.2d at 578 (citations and footnotes omitted). While the opinion is not as clear as one would like, the obvious import of the discussion is that this court considered this very argument in 1979 and rejected it. Therefore, Kennedy is barred by the law of the case from relitigating this issue. *Montez v. State,* 592 P.2d 1153, 1154 (Wyo.1979).

■ In any event, Kennedy's argument is without merit. The determination of whether sentences are to run consecutively or concurrently is completely within the discretion of the trial court. *DeSpain v. State,* 865 P.2d 584, 588 (Wyo.1993); *Munden v. State,* 698 P.2d 621, 626 (Wyo.1985). There is no contention by Kennedy that the sentences for his convictions are, in any way, beyond that which was allowed by statute. Therefore, the trial court did not abuse its discretion when it made the life sentence for first degree murder consecutive to the other two convictions.

■ Finally, Kennedy claims that he is entitled to credit for time served in the county jail and on death row. These issues were not presented to the district court in Kennedy's W.R.Cr.P. 35 motion. We will not consider issues which are raised for the first time on appeal. *Iberlin v. TCI Cablevision of Wyoming, Inc.,* 855 P.2d 716, 726 (Wyo. 1993). We, therefore, decline to address these issues.

### CONCLUSION

There was no abuse of discretion in Kennedy's sentencing; hence, the district court's order denying the motion to correct an illegal sentence under W.R.Cr.P. 35 is affirmed.