**Charles Edward BIRR, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 93–225.**

Supreme Court of Wyoming.

April 26, 1995.

Leonard D. Munker, State Public Defender, Cheyenne, Gerald M. Gallivan, Director, Defender Aid Program, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., Sylvia L. Hackl, Deputy Atty. Gen., D. Michael Pauling, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR, and LEHMAN, JJ.

GOLDEN, Chief Justice.

Appellant Charles Edward Birr petitioned for rehearing following publication of this court's original opinion in *Birr v. State*, 878 P.2d 515 (Wyo.1994). Because Birr contended this court had erred in relying upon *Despain v. State*, 865 P.2d 584 (Wyo.1993), the court granted the rehearing petition and heard oral argument. A petition for rehearing is limited in scope to errors allegedly committed by this court in its initial determination of the issues raised in a previous appeal. We hold Birr has not sustained his burden of identifying an error committed by the court in relying upon *Despain v. State* and dismiss the petition.

Appellant's rehearing petition presented these issues:

I. Whether the Court erred in relying upon *Despain v. State*, 865 P.2d 584 (Wyo.1993) and in misstating its holding?

II. Whether the Court failed to dispose of the case on the merits in a case properly before it and in disregard of traditional notions of judicial economy?

III. Whether the Court's opinion failed to take into consideration the potential impact of its decision on the law of post conviction relief and habeas corpus?

In *Despain v. State*, this court unanimously determined that double jeopardy claims were not cognizable and could not be entertained upon a motion to correct an illegal sentence, pursuant to WYO.R.CRIM.P. 35. *Despain*, 865 P.2d at 586. In *Birr*, this court relied on *Despain* and ruled that Birr's iden-

tical Rule 35 motion based on a double jeopardy claim was properly denied. *Birr,* 878 P.2d at 516. Birr's present claim of error can be briefly summarized as contending that the federal courts permit a double jeopardy claim under either the federal rule or in an action for post-conviction relief. This practice, however, is not legally required of this court while the rule of *Despain* does preclude this court from considering double jeopardy challenges upon a Rule 35 motion to correct an illegal sentence.

Dismissed.

TAYLOR, Justice, dissenting, with whom LEHMAN, Justice, joins.

I dissent. The majority rejects Birr's petition for rehearing on the strength of *DeSpain v. State,* 865 P.2d 584 (Wyo.1993). In *DeSpain,* this court held:

> DeSpain's double jeopardy claim should have been asserted through a petition for post-conviction relief brought pursuant to Wyo.Stat. §§ 7–14–101 to –108, and *invoking Wyo.R.Crim.P. 35(a)* by a motion for correction of an illegal sentence *was an inefficacious method of seeking relief.*

*DeSpain,* 865 P.2d at 589 (emphasis added).

I would overrule *DeSpain* because it is based on non-binding authority and cites federal precedent as supportive of its holding when, in fact, the federal precedent cited points to the opposite conclusion. Specifically, *DeSpain* cites non-binding Florida cases. *Id.* at 588. *See, Wiley v. State,* 604 So.2d 6 (Fla.App.1992); *Plowman v. State,* 586 So.2d 454 (Fla.App.1991); and *State v. Spella,* 567 So.2d 1051 (Fla.App.1990). The Florida cases provide specious guidance regarding the interpretation of W.R.Cr.P. 35(a) because the Florida rules analyzed in these cases, although similar to W.R.Cr.P. 35(a), are not identical and, in fact, differ from their Wyoming counterparts in significant ways. *See,* Fla.R.Crim.P. 3.800 and 3.850.

Contrary to the claim in *DeSpain* that federal precedent is "supportive" of its holding, the federal precedent actually concludes that the old Fed.R.Crim.P. 35(a), which is identical to the Wyoming rule, is an appropriate tool with which to challenge a double jeopardy violation. *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962); *Heflin v. United States,* 358 U.S. 415, 422, 79 S.Ct. 451, 455, 3 L.Ed.2d 407 (1959); *Herrera v. United States,* 798 F.Supp. 295, 297–98 (E.D.N.C.), *aff'd,* 960 F.2d 147 (4th Cir.1992).

In *Heflin,* the United States Supreme Court reversed a conviction it found to be violative of the double jeopardy clause. *Heflin,* 358 U.S. at 419–20, 79 S.Ct. at 454. There, the United States Supreme Court specifically indicated that a motion to correct an illegal sentence, filed pursuant to Fed. R.Crim.P. 35(a), was an appropriate method of attacking a double jeopardy violation. *Heflin,* 358 U.S. at 422, 79 S.Ct. at 455 (five member special concurrence). In *Herrera,* while considering a Fed.R.Crim.P. 35(a) motion to correct an illegal sentence, allegedly imposed in violation of the double jeopardy clause, the United States District Court for the Eastern District of North Carolina said:

> Since a sentence is considered to be illegal if it is in excess of that prescribed by the applicable statute, or if the defendant has received multiple terms for the same offense * * *, the court is of the opinion that petitioner has alleged sufficient facts to invoke the court's jurisdiction under F.R.Crim.P. 35(a) as it existed prior to November 1, 1987.

*Herrera,* 798 F.Supp. at 297–98.

W.R.Cr.P. 35(a) is identical to the pre-1987 Fed.R.Crim.P. 35(a), the rule under consideration in *Heflin* and *Herrera. DeSpain* incorrectly cites *Herrera,* among other inapposite federal cases, as supportive of the proposition that a W.R.Cr.P. 35(a) motion is "an inefficacious method of seeking relief" from a double jeopardy violation. *DeSpain,* 865 P.2d at 588–89. *DeSpain* concludes that "the rationale of the cases cited above is compelling." *Id.* at 589.

I disagree. The only "compelling" conclusion one can reach after reading *Heflin* and *Herrera* is that a Rule 35(a) motion is a perfectly acceptable mechanism for challenging a double jeopardy violation. In other words, if a person has been subjected to double jeopardy, in violation of both the Wyoming and United States Constitutions, then

his or her sentence is subject to challenge as an illegal sentence under W.R.Cr.P. 35(a) because, "[t]he Rule certainly covers a case like the present one where the claim is that the sentence imposed was illegal on its face." *Heflin,* 358 U.S. at 422, 79 S.Ct. at 455.

The Florida cases cited in *DeSpain* are non-binding. The federal precedent cited in *DeSpain* does not "compel" the conclusion reached in *DeSpain.* I would reconsider *Birr v. State,* 878 P.2d 515 (Wyo.1994) (*reh'g granted* 9/13/94) on its merits.