**Paul A. FRENZEL, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 96–141.**

Supreme Court of Wyoming.

June 16, 1997.

Paul A. Frenzel, pro se.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Kimberly A. Baker–Musick, Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN, and LEHMAN, JJ.

LEHMAN, Justice.

Appellant, Paul A. Frenzel, appeals from the district court's order denying his motion to correct an illegal sentence. Frenzel was convicted of seven counts of first degree sexual assault in violation of W.S. 6–2–302(a)(i) and was sentenced to a term of not less than seven nor more than ten years on each count, with the sentences to run consecutively. He contends that, although he was convicted of seven separate sexual assaults against his daughter, all the convictions arose out of a single criminal transaction. As a result, argues Frenzel, the imposition of consecutive rather than concurrent sentences violates the constitutional prohibition against double jeopardy.

We affirm.

Frenzel, appearing pro se for this appeal, states the following issue:

Whether appellant's constitution[al] rights were violated under the double jeopardy clause of the Fifth Amendment when the district court opted to run all seven convictions appellant received consecutive[ly], and all arising out of one single criminal transaction, rather then [sic] run said sentences concurrent[ly].

The State phrases the issue as:

Whether the district court properly denied appellant's motion to correct an illegal sentence.

### FACTS

Frenzel moved with his family to Cody, Wyoming in the fall of 1989. The family stayed in Cody for approximately five months, during which time Frenzel allegedly committed seven different acts of sexual assault on his 17–year–old daughter. Four separate incidents accounted for the seven assaults. Each assault involved forced penetration either orally or vaginally with Frenzel's penis or another object. A jury found Frenzel guilty of all seven counts of first degree sexual assault, and he was sentenced to a term of not less than seven nor more than ten years on each count. The district court ordered that the sentences run consecutively.

Frenzel appealed his conviction to the Wyoming Supreme Court, claiming various errors by the trial court; the conviction was upheld. *Frenzel v. State*, 849 P.2d 741 (Wyo. 1993). Subsequently, Frenzel filed a petition for post-conviction relief with the district court, arguing he was denied effective assistance of appellate counsel and that his Fifth, Sixth, and Fourteenth Amendment rights were violated. The district court dismissed the petition for post-conviction relief in August 1993.

In March 1996, Frenzel filed a motion to correct an illegal sentence pursuant to W.R.Cr.P. 35. The district court denied that motion on April 2, 1996. Frenzel timely appeals that denial.

### DISCUSSION

Frenzel claims that because all the charged offenses required proof of the same elements and the charges were all tried at the same trial, there was only one criminal transaction. The essence of Frenzel's argument is that he is being punished seven times for the same offense, thereby violating his Fifth Amendment right to be free from double jeopardy.

■ The double jeopardy clause of the Fifth Amendment of the United States Constitution, applicable to the states via the Fourteenth Amendment, provides three separate protections. *Cook v. State*, 841 P.2d 1345, 1347 (Wyo.1992). The clause protects against 1) a second prosecution for the same offense after acquittal, 2) a second prosecution for the same offense after a conviction, and 3) multiple punishments for the same offense. *Longstreth v. State*, 890 P.2d 551, 553 (Wyo.1995); *Owen v. State*, 902 P.2d 190, 192 (Wyo.1995). The third protection is at issue in the present case.

Frenzel relies on *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to support the proposition that double jeopardy bars multiple prosecutions for a single criminal act unless the act can be prosecuted and punished under different statutory provisions that require proof of different elements. While we have no quarrel with the rule of law set out in *Blockburger,* Frenzel's reliance on that case is misplaced. The *Blockburger* court held that in determining whether an offense is continuous in nature such that it constitutes only a single criminal act, "[t]he test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. * * * If the latter, there can be but one penalty." *Blockburger,* 284 U.S. at 302, 52 S.Ct. at 181 (*citing* Wharton's Criminal Law (11th ed.) § 34, n. 3).

■ We have previously determined that "the Wyoming legislature intended to define sexual intercourse, fellatio and other acts of sexual intrusion as '*separate and distinct crimes * * *.*'" *Parker v. State,* 882 P.2d 1225, 1229 (Wyo.1994) (*citing Padilla v. State,* 601 P.2d 189, 193 (Wyo.1979)). Separate and distinct acts of sexual intrusion, even those separated in time only by a matter of seconds, can properly be punished as separate crimes without violating double jeopardy protections. *Baum v. State,* 745 P.2d 877, 882 (Wyo.1987). Clearly, then, in Wyoming, it is the individual acts of sexual intrusion which are prohibited under W.S. 6–2–302.

■ The charges against Frenzel involved seven incidents of sexual intrusion on four different occasions. On three of the four occasions, two sexual intrusions occurred. Even though those particular sexual intrusions occurred on the same date, and were perhaps separated in time only by a matter of minutes at most, each sexual intrusion by

intercourse, fellatio, or other act is a separate and distinct crime and can be punished separately.

■ Frenzel also contends that the district court lacked statutory authority to impose consecutive sentences for the seven counts of first degree sexual assault. The legislatively-authorized punishment for each of his crimes was five years to life.[1] The district court sentenced Frenzel seven to ten years on each charge, well within the statutory limits. The determination as to whether sentences shall be served consecutively or concurrently is within the discretion of the trial court. *Tilley v. State,* 912 P.2d 1140, 1142–43 (Wyo.1996); *Kennedy v. State,* 890 P.2d 37, 38 (Wyo.1995). We find no abuse of the trial court's discretion nor any basis in the record upon which we can conclude that Frenzel's sentence was illegal.

## CONCLUSION

A jury convicted Frenzel of seven separate counts of sexual assault. He committed seven separate and distinct crimes and, therefore, double jeopardy cannot attach. The district court acted within the parameters set by the legislature and did not abuse its discretion when it mandated that Frenzel's sentences for the seven convictions run consecutively. The district court's order denying the motion to correct an illegal sentence under W.R.Cr.P. 35 is affirmed.

GOLDEN, J., filed a specially concurring opinion.

THOMAS, J., filed a dissenting opinion.

GOLDEN, Justice, specially concurring.

I would affirm the district court's order denying Mr. Frenzel's motion to correct an allegedly illegal sentence, but would do so because we have held that a motion under WYO.R.CRIM.P. 35(a) to correct an illegal sentence is not the proper remedy by which to assert double jeopardy violations upon con-

---

1. Wyoming Statute 6–2–306 (1988) provides in pertinent part:
   (b) An actor who is convicted of sexual assault shall be punished by the extended terms of subsection (c) of this section if:
   (i) He is being sentenced for two (2) or more separate acts of sexual assault in the first or second degree[.]

          \*    \*    \*    \*    \*    \*

   (c) An actor convicted of sexual assault who qualifies under the criteria of subsection (b) of this section shall be punished as follows:
   (i) Sexual assault in the first or second degree is a felony punishable by imprisonment for not less than five (5) years or for life[.]

victions of separate crimes arising from the same facts. *Birr v. State,* 878 P.2d 515 (Wyo.1994), *rehearing granted,* 895 P.2d 43 (Wyo.1995); and *DeSpain v. State,* 865 P.2d 584 (Wyo.1993).

THOMAS, Justice, dissenting.

Like Justice Golden, in his concurring opinion, I am satisfied with the denial of relief to Frenzel. I dissent, rather than concur, because of the rationale espoused in the majority opinion. In light of the legislative inhibition upon the jurisdiction of the courts in such an instance, it is simply wrong for the Court to consider Frenzel's claim on its merits.

The legislature has provided:

(a) A claim under this act is procedurally barred and no court has jurisdiction to decide the claim if the claim:

(i) Could have been raised but was not raised in a direct appeal from the proceeding which resulted in the petitioner's conviction;

(ii) **Was not raised in the original or an amendment to the original petition under this act;** or

(iii) Was decided on its merits or on procedural grounds in any previous proceeding which has become final.

Wyo. Stat. § 7–14–103 (1995) (emphasis added). The majority opinion notes the filing of a petition for post-conviction relief, which was dismissed in 1993. In addressing Frenzel's claims in this case, the Court is silently but positively permitting the filing of a second petition for post-conviction relief, contrary to the statute.

This case serves to demonstrate the wisdom of the rulings in *Birr v. State,* 878 P.2d 515 (Wyo.1994), *dismissed after grant of rehearing,* 895 P.2d 43 (Wyo.1995), and *De-Spain v. State,* 865 P.2d 584 (Wyo.1993). If those cases were applied and followed, in-

stead of being ignored in the majority opinion, we would not be departing from the statutory mandate. I assume the majority must intend to overrule those two cases *sub silentio* because the rulings are clearly contrary to the action of the majority in addressing Frenzel's claims on the merits. Unfortunately, the silent divergence from precedent simply leaves the law in a state of confusion.

I would hold that the district court was correct in its ruling denying relief to Frenzel for what is ineluctably a second effort to achieve post-conviction relief, contrary to the statute. Further, I would make it clear to our trial bench that they are without jurisdiction in such an instance because they are entitled to look to the substance of the relief sought rather than simply focus on the Rule of Criminal Procedure alluded to in the pleading.